IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DELGARDO SCOTT, | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 12-743 |
| vs. | ) | District Judge Arthur J. Schwab |
| | ) | Magistrate Judge Maureen P. Kelly |
| JUDGE DONETTA W. AMBROSE, | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the above-captioned case, be dismissed for failure to prosecute.

### II. REPORT

On June 4, 2012, Delgardo Scott ("Scott"), a federal inmate, submitted this *pro se* civil action against the Honorable Donetta W. Ambrose ("Judge Ambrose"), the federal District Court Judge who presided over his criminal case, complaining that his federal sentence was unfair because it was based on counts of his indictment that were dismissed by the government, and because his sentence was enhanced due to his prior "state cases." Scott further claims that Judge Ambrose's consideration of such information violated his Fifth Amendment right to due process and to equal protection under the law. He seeks immediate release from prison and $250,000.

A Motion to Dismiss was submitted on behalf of Judge Ambrose on June 27, 2012, in which she argues that Scott's claims brought against her in her individual capacity should be dismissed because she is not only entitled to absolute immunity but that Scott's claims are barred

1

as an impermissible civil collateral attack on his criminal conviction and sentence. Judge Ambrose also argues that Scott's claims are time-barred and that she has not been properly served.[1] Further, insofar as Scott has brought suit against Judge Ambrose in her official capacity, she argues that Scott's claims must fail under the doctrine of sovereign immunity.

Notwithstanding the fact that Scott has never submitted the requisite filing fee or a Motion to Proceed *In Forma Pauperis*, and that his Complaint has not been filed, Scott submitted an Amended Complaint which was filed by the Clerk of Court on July 2, 2012. [ECF No. 5]. Because the Court found that the Amended Complaint did not significantly alter the allegations raised against Judge Ambrose in the original Complaint, the Court issued an Order dated July 2, 2012, indicating that the arguments set forth by Judge Ambrose in the Motion to Dismiss still applied and directing Scott to respond to the Motion to Dismiss on or before July 27, 2012. [ECF No. 6]. The parties were also ordered to file an election form either consenting to jurisdiction with a Magistrate Judge or electing to have the case assigned to a District Court Judge. Id.

The Court subsequently received a letter from Scott, dated July 6, 2012, in which he indicated that he declined to accept the Court's July 2nd Order. In response, the Court issued another Order, dated July 19, 2012, advising Scott that he did not have the option of ignoring an Order of Court if he intended to pursue the case and again ordered Scott to complete the election form and submit a response to Judge Ambrose's Motion to Dismiss on or before July 27, 2012. [ECF No. 7]. Scott was also advised that failure to comply with the Court's Order would result

---

[1] It appears from the docket sheet, however, that Scott submitted his Complaint without the requisite filing fee or a Motion to Proceed *In Forma Pauperis* and, thus, the Complaint has not been filed.

2

in the action being dismissed for failure to prosecute.

To date, Scott has failed to file either the election form or a response to Judge Ambrose's Motion; nor has he provided the Court with any other indication that he wishes to pursue this matter.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

> (1) The extent of the party's personal responsibility.
>
> (2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.
>
> (3) A history of dilatoriness.
>
> (4) Whether the conduct of the party or the attorney was willful or in bad faith.
>
> (5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.
>
> (6) The meritoriousness of the claim or defense.

Consideration of these factors suggests that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to Scott's failure to comply with this Court's Orders and weigh heavily against him. His failure to comply with this Court's Orders was not only solely Scott's personal responsibility but his failure to respond on two occasions, coupled with his express declination to accept the Court's first Order, is not only indicative of willful conduct but

constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by Scott's failure to comply with this Court's orders -- there appears to be no prejudice to Judge Ambrose other than general delay. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

Factor No. 6 -- the meritoriousness of the claim -- also weighs heavily against Scott as it is apparent that he is unable to overcome Judge Ambrose's defenses. Indeed, it cannot be disputed that Judge Ambrose was acting within her authority and jurisdiction over Scott's criminal proceeding and that, insofar as Scott has brought his claims against Judge Ambrose in her individual capacity, she is entitled to absolute immunity. See Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006), *citing* Mireles v. Waco, 502 U.S. 9, 12 (1991) (a judge "in the performance of his [or her] duties has absolute immunity from suit and will not be liable for his [or her] judicial acts"); Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000) (it is well established that judges are entitled to absolute judicial immunity from personal liability for actions they take in our adversarial system of justice and that a "judge will not be deprived of immunity because the action [s]he took was in error, was done maliciously, or was in excess of his authority; rather, [s]he will be subject to liability only when [s]he has acted in the clear absence of all jurisdiction").

In addition, Scott's claims brought against Judge Ambrose in her official capacity are tantamount to an action against the sovereign entity for which she works -- the United States District Court for the Western District of Pennsylvania. See Hafer v. Melo, 502 U.S. 21, 25 (1991) (noting that a suit against an individual in his official capacity is tantamount to an action

4

directly against the public entity which the official represents).  Because Scott has not identified any statute that would waive the sovereign immunity of the Court and permit it to be sued in the context of the present case, his claims against Judge Ambrose in her official capacity must fail as well.  See F.D.I.C. v. Meyer, 510 U.S. 471, 478 (1994); Clinton County Comm'rs v. U.S. Envt'l Protection Agency, 116 F.3d 1018, 1021 (3d Cir. 1997).

Finally, with respect to factor five, the Court is to consider the effectiveness of sanctions other than dismissal.  Since Scott filed this action without the payment of the required filing fee, it does not appear that monetary sanctions are appropriate.  Moreover, because he has failed to comply with the Court's Orders so that the case may proceed, it appears that Scott has no serious interest in pursuing this case.  It therefore appears that no other sanction will serve justice and that dismissal is the most appropriate action for this Court to take.  Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).  Accordingly, it is respectfully recommended that the case be dismissed for failure to prosecute.

In accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(1)(B) & (C), and Local Rule 72D.2, Plaintiff is permitted to file written objections and responses thereto in  accordance with the schedule established in the docket entry reflecting the filing of this Report  and Recommendation. Failure to timely file objections will constitute a waiver of any appellate rights. Siers v. Morrash, 700 F.3d 113, 116 (3d Cir. 1983).  See Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).  Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

                                                Respectfully submitted,

/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

Dated: 2 August, 2012

cc:    Delgardo Scott
Low Security Correctional Institution
Allenwood
P.O. Box 1000
White Deer, PA 17877

Counsel of Record Via CM-ECF